### UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

| | | |
|---|---|---|
| LESLIE D. AVIS, III, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 4:23-cv-663 SEP |
| | ) | |
| FESTUS R-VI SCHOOL DISTRICT, et al., | ) | |
| | ) | |
| Defendants. | ) | |

### MEMORANDUM AND ORDER

Before the Court is self-represented Plaintiff Leslie D. Avis, III's motion for leave to commence this employment discrimination action without prepayment of the filing fee.   Doc. [2].   On consideration of the provided financial information, the Court finds Plaintiff is unable to pay the filing fee, and he is granted leave to proceed *in forma pauperis*.   *See* 28 U.S.C. § 1915(a)(1).   Also, for the reasons set forth below, the Court directs the issuance of process on Defendant Festus R-VI School District and dismisses the claims against Defendants Jonathan Earnhart, Karl Shininger, Deana Brown, and Spencer Kearns.

### LEGAL STANDARD ON INITIAL REVIEW

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous or malicious, or if it fails to state a claim upon which relief can be granted.   To state a claim, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct."   *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).   "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."   *Id.* at 678.   "Determining whether a complaint states a plausible claim for relief" is "a context-specific task that requires the reviewing court to draw upon judicial experience and common sense."   *Id.* at 679.   The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements."   *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016); *see also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (court must accept factual allegations in complaint as true, but is not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under 28 U.S.C. § 1915(e)(2), the Court must give it the benefit of a liberal construction.   *Haines v. Kerner*, 404 U.S. 519, 520 (1972).   A "liberal construction" means that, "if the essence of an allegation is discernible . . . then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework."   *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir.2004)).   Still, even pro se complaints must "allege facts, which if true, state a claim as a matter of law."   *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone*, 364 F.3d at 914-15 (federal courts not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint").   And "procedural rules in ordinary civil litigation" need not be "interpreted so as to excuse mistakes by those who proceed without counsel."   *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

### THE COMPLAINT

Plaintiff brings this civil action pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq*., for employment discrimination and retaliation on the basis of his gender and sexual orientation, i.e., because he is a bisexual male.   Doc. [1].   Named as Defendants are Festus R-VI School District, Jonathan Earnhart (Assistant Superintendent), Karl Shininger (High School Principal), Deana Brown (Intermediate Assistant Principal), and Spencer Kearns (Intermediate Principal).

Plaintiff asserts he has been employed by the Festus R-VI School District since January 21, 2020.   *Id*. at 7.   He claims he was required to attend a disciplinary meeting on October 14, 2022, where he received a reprimand letter for allegedly having an inappropriate conversation with a high school student.    Plaintiff claims the reprimand was retaliatory—i.e., to harass and embarrass him because he is in litigation with his previous employer.   *See Avis v. Hillsboro R-3 School District*, Case No. 4:22-cv-596-CDP (E.D. Mo. June 2, 2022).   Plaintiff claims that Defendants know about the lawsuit because on March 2, 2023, his supervisors required him to submit a Work Experience Verification form from that employer.

Attached to the complaint are five exhibits, which the Court will treat as part of the pleadings.[1]   First, Plaintiff attaches the Charge of Discrimination he filed with the Equal

---

[1] *See* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is part of the pleading for all purposes").   *See also Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011) ("while

Employment Opportunity Commission (EEOC).   Doc. [1-3].   The charge contains allegations similar to those in the instant complaint.   Second is his right-to-sue letter, dated May 2, 2023.   Doc. [1-4].   Third is a copy of the disciplinary letter he was given on October 14, 2022.   Doc. [1-5].   Fourth, Plaintiff attaches a copy of his Work Experience Verification form.   Doc. [1-6].   Finally, Plaintiff attaches an article titled, "Support Mrs. Johnson and LGBTQ+ students at Festus R-VI Middle School," which Plaintiff points to as proof that the Defendant school district has targeted other employees based on their sexual orientation.   Doc. [1-7].

Plaintiff seeks $100,000 in punitive damages for "mental anguish and emotional distress in the form of embarrassment, humiliation, anxiety, loss of sleep, pain and suffering, detrimental job record and loss of enjoyment of life[.]"   Doc. [1] at 8.

DISCUSSION

Plaintiff is a self-represented litigant who brings this civil action pursuant to Title VII. Because he is proceeding *in forma pauperis*, the Court has reviewed his complaint under 28 U.S.C. § 1915.   Based on that review, for the reasons set forth below, the Court will direct the Clerk of Court to issue process on Defendant Festus R-VI School District, but Plaintiff's claims against Defendants Earnhart, Shininger, Brown, and Kearns will be dismissed.

I.   **Title VII Claim Against Festus R-VI School District**

Plaintiff has asserted a Title VII claim against Defendant Festus R-VI School District. The purpose of Title VII is to ensure a workplace environment free of discrimination.   *Ricci v. DeStefano*, 557 U.S. 557, 580 (2009).   The act prohibits "employer discrimination on the basis of race, color, religion, sex, or national origin, in hiring, firing, salary structure, promotion and the like."   *Winfrey v. City of Forrest City, Ark.*, 882 F.3d 757, 758 (8th Cir. 2018).   The Supreme Court has held that Title VII's protection against discrimination on the basis of sex includes protection against discrimination on the basis of sexual orientation.   *See Bostock v. Clayton County, Georgia*, 140 S. Ct. 1731, 1754 (2020).

Before filing an action under Title VII in federal court, a plaintiff must first exhaust his or her administrative remedies.   *Lindeman v. Saint Luke's Hosp. of Kansas Ci*ty, 899 F.3d 603,

---

ordinarily, only the facts alleged in the complaint are considered in determining whether it states a claim, materials attached to the complaint as exhibits may be considered in construing the sufficiency of the complaint"); *Pratt v. Corrections Corp. of America*, 124 Fed. Appx. 465, 466 (8th Cir. 2005) ("the district court was required to consider the allegations not only in [plaintiff's] pro se complaint, but also in his motion to amend, his response to defendants' motion to dismiss, and the attachments to those pleadings").

608 (8th Cir. 2018); *see also Brooks v. Midwest Heart Group*, 655 F.3d 796, 800 (8th Cir. 2011) ( "Title VII establishes an administrative procedure which a complaining employee must follow before filing a lawsuit in federal court."); and *Briley v. Carlin*, 172 F.3d 567, 571 (8th Cir. 1999) (Title VII claimant required to demonstrate good faith participation in the administrative process). "To exhaust administrative remedies an individual must:  (1) timely file a charge of discrimination with the EEOC setting forth the facts and nature of the charge and (2) receive notice of the right to sue." *Rush v. State of Arkansas DWS*, 876 F.3d 1123, 1125 (8th Cir. 2017).  Upon receiving notice of the right to sue, a plaintiff has 90 days to commence a civil action. *See* 42 U.S.C. § 2000e-5(f)(1).

Here, Plaintiff has attached a copy of his Charge of Discrimination with the EEOC. Doc. [1-3].  Additionally, Plaintiff has provided a copy of his Notice of Right to Sue letter, which is dated May 2, 2023, and gave him 90 days to commence this civil action.  Doc. [1-4]. As such, the instant action, filed on May 18, 2023, is timely and exhausted.

As already noted, Title VII prohibits workplace discrimination, including discrimination based on sexual orientation. *See Bostock*, 140 S. Ct. at 1754.  Plaintiff alleges that he was both harassed and retaliated against because he is a bisexual male.  The Court must accept those allegations as true and draw all reasonable inferences in Plaintiff's favor. *See Jones v. Douglas Cty. Sheriff's Dep't*, 915 F.3d 498, 499 (8th Cir. 2019).  Furthermore, because Plaintiff is a self-represented litigant, the Court holds his complaint to less stringent standards than formal pleadings drafted by lawyers. *See Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014).  On a liberal construction, the complaint states a Title VII claim against Festus R-VI School District; therefore, the Court will direct the Clerk of Court to issue process on that Defendant.

## II.   Claims Against Defendants Earnhart, Shininger, Brown, and Kearns

Plaintiff has also asserted Title VII claims against Defendants Assistant Superintendent Earnhart, Principal Shininger, Assistant Principal Brown, and Principal Kearns.  Title VII prohibits only "unlawful employment practice[s]" by an "employer." *See* 42 U.S.C. § 2000e-2(a).  Title VII does not impose liability on individuals. *See Powell v. Yellow Book USA, Inc.*, 445 F.3d 1074, 1079 (8th Cir. 2006) ("Title VII addresses the conduct of employers only and does not impose liability on co-workers.").  "Supervisors and other employees cannot be held liable under Title VII in their individual capacities." *Lenhardt v. Basic Institute of Technology,*

4

*Inc.*, 55 F.3d 377, 381 (8th Cir. 1995).   Therefore, Plaintiff's Title VII claims against individuals are subject to dismissal.   *See Smith v. St. Bernards Regional Medical Center*, 19 F.3d 1254, 1255 (8th Cir. 1994) ("[T]he claims against the individual defendants were properly dismissed because liability under 42 U.S.C. § 2000e(b) can attach only to employers.").

Defendants Assistant Superintendent Earnhart, Principal Shininger, Assistant Principal Brown, and Principal Kearns are not alleged to be Plaintiff's employers.   Rather, the allegations suggest that they were his supervisors and were all employed by Festus R-VI School District. Because Title VII does not impose individual liability on supervisors or coworkers, Plaintiff's claims against the individual Defendants must be dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion to proceed *in forma pauperis*, Doc. [2], is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's claims against Defendants Jonathan Earnhart, Karl Shininger, Deana Brown, and Spencer Kearns are **DISMISSED**.

**IT IS FURTHER ORDERED** that the Clerk shall issue process or cause process to issue as to Defendant Festus R-VI School District at the address provided by Plaintiff: 1515 Mid-Meadow Lane, Festus, Missouri 63028.

An Order of Partial Dismissal will accompany this Order.

Dated this 5th day of June, 2023.

SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE

5